# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN WITHEROW,

    Petitioner,

vs.

WILLIAM DONAT, *et al.*,

    Respondents.

3:08-cv-00321-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. Following initial review, it appears that issues exist both as to whether the petitioner exhausted the federal constitutional claim presented and as to whether the petitioner in any event is entitled to relief on the merits. Petitioner accordingly will be directed to show cause as further specified below.

## *Background*

Petitioner John Witherow is not seeking to set aside his judgment of conviction, his adjudication as a habitual criminal, or his sentence. He instead challenges a denial of parole in a Nevada parole hearing held on or about July 24, 2002. Petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment because the state parole board violated the Nevada Open Meeting Law in conjunction with the hearing. The Court assumes, *arguendo*, that the claim is cognizable in federal habeas corpus.

### Discussion

***Exhaustion***

On the face of the petition and papers submitted, the Court *sua sponte* raises the issue of whether the federal due process claim was fairly presented to and exhausted in the state courts.

Under 28 U.S.C. § 2254(b)(1)(A), as to each claim in the petition, a habeas petitioner first must exhaust his state court remedies before presenting the claim to the federal courts. To satisfy this exhaustion requirement, all claims must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Petitioner must demonstrate that he fairly presented the federal legal theory that he alleges in this Court both to the state district court and to the Supreme Court of Nevada. That is, he must demonstrate that he presented a claim both to the state district court and the state supreme court that the parole board's alleged violation of the state open meeting law deprived him of due process in violation of the Fourteenth Amendment. He will be required both to attach copies of the papers in which he presented the federal legal theory to each state court and to identify by page and line number where the federal claim is presented in the papers.

***Merits: Liberty Interest***

Petitioner alleges a denial of due process in a Nevada parole proceeding denying him parole.

In the context presented in this case, petitioner must establish that he was deprived of a protected liberty interest as a fundamental threshold prerequisite to any such due process claim. *See, e.g.,*

*Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). It is well-established law that a state parole statute does not create a protected liberty interest for purposes of federal constitutional due process protections unless the state statute mandates that parole "shall" be granted following the fulfillment of specified requirements. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.1985).

The Nevada legislature expressly has stated that release on parole is an "act of grace of the State" and that "it is not intended that the establishment of standards relating thereto create any such right or interest in liberty." N.R.S. 213.10705; *see also Severance v. Armstrong*, 96 Nev. 836, 838-39 620 P.2d 369, 370 (Nev.1980)(Nevada parole statutes provide "no legitimate expectation of parole release"). This Court accordingly has held, repeatedly over the span of several decades, that inmates have no protected liberty interest in Nevada parole hearings under the *Greenholtz* standard. *See,e.g., Garcia v. Nevada Board of Prison Commissioners*, 2008 WL 818981, at *7 (D.Nev., Mar. 24, 2008); *Cooper v. Sumner*, 672 F.Supp. 1361, 1366-67 (D.Nev. 1987); *Kelso v. Armstrong*, 616 F.Supp. 367, 369 (D.Nev. 1985); *Austin v. Armstrong*, 473 F.Supp. 1114, 1116-17 (D.Nev. 1979). If petitioner cannot establish a protected liberty interest in parole, he cannot establish a Fourteenth Amendment due process violation in an alleged failure to comply with the state open meeting law in conjunction with the July 24, 2002, parole hearing.

Petitioner therefore must show cause why his petition should not be dismissed with prejudice on the merits, for lack of the requisite protected liberty interest.

***Remaining Matters***

Petitioner shall stop designating routine filings herein as "*ex parte*" filings. See #6. The designation "*ex parte*" is used only in the rare instance when a document should not to be filed in the open record. A document filed *ex parte* is available only to the Court and the filing party, and the filing then is not part of the open record that may be viewed by the public or an opposing party. There is nothing about the filing in #6 that warrants being filed on an *ex parte* basis rather than in the open record. If petitioner again improperly designates a filing that should be filed in the open record instead as an "*ex parte*" document, the filing will be stricken from the record with no action taken.

1   IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner
2   shall mail for filing a response in which he shall SHOW CAUSE as follows:

3   (1) Petitioner shall show cause why the petition should not be dismissed without
4   prejudice for lack of exhaustion of state judicial remedies, shall attach with the
5   response the papers upon which he bases his claim of exhaustion, and shall
6   identify by page and line number within those papers where he presented the
7   federal legal theory, both to the state district court and the Supreme Court of
8   Nevada, that the parole board's violation of the state open meeting law deprived
9   him of due process in violation of the Fourteenth Amendment; and

10  (2) Petitioner shall show cause why the petition should not be dismissed with
11  prejudice on the merits on the basis that he cannot satisfy the threshold
12  requirement of a protected liberty interest necessary to present a viable
13  Fourteenth Amendment due process claim.

14  If petitioner does not timely respond fully to this order, the petition will be dismissed with
15  prejudice without further advance notice. If petitioner responds to this order but fails to show cause as
16  directed herein, the petition will be dismissed either for lack of exhaustion and/or on the merits.[1]

17  DATED this 10th day of November, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court defers consideration of any additional screening issues pending resolution of the present show cause inquiry, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

-4-