# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN WITHEROW,

    Petitioner,

vs.

WILLIAM DONAT, *et al.*,

    Respondents.

3:08-cv-00321-LRH-VPC

<u>ORDER</u>

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petitioner exhausted the federal constitutional claim presented and as to whether the parole-related claim in any event is subject to dismissal on the merits for lack of a protected liberty interest. This order follows upon the Court's earlier show cause order (#7) and the petitioner's response (## 8 & 9) thereto.[1]

---

[1] Petitioner filed an earlier petition in No. 3:07-cv-00630-LRH-VPC that raised a due process challenge vis-à-vis the same July 24, 2002, parole hearing, albeit on different specific grounds. The Court dismissed that petition for lack of a protected liberty interest in an order and judgment filed on December 4, 2008, and petitioner has appealed. It does not appear at this point that successive petition and/or *res judicata* rules necessarily bar the present petition because the judgment in No. 3:07-cv-00630 was filed only recently and that case is on appeal. Petitioner requests consolidation of the two matters at page 8 of #8, which was filed on December 2, 2008, but it does not appear that he ever filed a separate motion to consolidate the matters in either case. Petitioner should not assume that requests for relief incorporated in other filings, or in a notice that is not presented as a motion with a prayer for relief, will timely come to the attention of and/or be acted upon by the Court. If petitioner wants specified relief in a case, he should file a motion specifically for that relief with a prayer for that relief, such as, in this instance, a motion for consolidation.

Petitioner John Witherow is not seeking to set aside his judgment of conviction, his adjudication as a habitual criminal, or his sentence. He instead raises a challenge directed to a Nevada parole hearing held on or about July 24, 2002. Petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment because the state parole board allegedly violated the Nevada Open Meeting Law in conjunction with the hearing.

The Court will assume, *arguendo*, that the federal due process claim asserted in the petition is exhausted, as the Court exercises its discretion to deny the claim on the merits under 28 U.S.C. § 2254(b)(2) notwithstanding any failure to exhaust.[2] The Court further will assume, *arguendo*, that the petition potentially could present a cognizable federal due process claim based upon a failure to follow state law. The Court makes this latter *arguendo* assumption despite substantial doubts as to whether the failure to comply with state law, here the state open meeting law, would constitute a federal due process violation even if petitioner otherwise could demonstrate a protected liberty interest.

In the context presented in this case, petitioner must establish that he was deprived of a protected liberty interest as a fundamental threshold prerequisite to any such due process claim. *See,e.g., Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). It is well-established law that a state parole statute does not create a protected liberty interest for purposes of federal constitutional due process protections unless the state statute mandates that parole "shall" be granted following the fulfillment of specified requirements. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.1985).

////

---

[2] It is not likely that the claims are exhausted. To exhaust his federal constitutional Fourteenth Amendment procedural due process claim, petitioner must have fairly presented the claim both in the state district court and the Supreme Court of Nevada. See authorities cited in #7, at 2. The passing vague references to federal claims or general federal constitutional guarantees in petitioner's filings in the Supreme Court of Nevada were insufficient to fairly present a Fourteenth Amendment procedural due process claim to the state high court. *See Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005). Petitioner's state supreme court filings argued Nevada state law and exclusively Nevada state law. See #8, Exhibits "H" and "I". Petitioner refers to his state district court filings. It is established law, however, that the Supreme Court of Nevada was not required to comb through the state district court record looking for federal constitutional claims that were not articulated within the four corners of the briefing in the state supreme court. *Castillo*, 399 F.3d at 999-1000. It is unnecessary for either this Court or the Court of Appeals to tarry over the exhaustion issue, however, given that the petitioner's claim plainly is without merit due to the absence of a protected liberty interest.

1   The Nevada legislature expressly has stated that release on parole is an "act of grace of the
2   State" and that "it is not intended that the establishment of standards relating thereto create any such
3   right or interest in liberty." N.R.S. 213.10705; *see also Severance v. Armstrong*, 96 Nev. 836, 838-39
4   620 P.2d 369, 370 (Nev.1980)(Nevada parole statutes provide "no legitimate expectation of parole
5   release"). This Court accordingly has held, repeatedly over the span of several decades, that inmates
6   have no protected liberty interest in Nevada parole hearings under the *Greenholtz* standard. *See,e.g.,*
7   *Garcia v. Nevada Board of Prison Commissioners*, 2008 WL 818981, at *7 (D.Nev., Mar. 24, 2008);
8   *Cooper v. Sumner*, 672 F.Supp. 1361, 1366-67 (D.Nev. 1987); *Kelso v. Armstrong*, 616 F.Supp. 367,
9   369 (D.Nev. 1985); *Austin v. Armstrong*, 473 F.Supp. 1114, 1116-17 (D.Nev. 1979). If petitioner
10  cannot establish a protected liberty interest, he cannot establish a Fourteenth Amendment due process
11  violation in an alleged failure to comply with the state open meeting law in conjunction with the July
12  24, 2002, parole hearing.

13  Petitioner seeks to avoid the application of the above authorities to his case by arguing that he
14  instead is challenging the denial of his right to "apply" for parole. Petitioner's argument turns upon
15  nothing more than semantics, and the argument is wholly unpersuasive and frivolous. Petitioner's
16  challenge is based not upon a failure to allow him to apply for parole but instead upon an alleged
17  procedural defect in the hearing on his application – the alleged failure to follow the state open meeting
18  law at the hearing. His petition is based upon a defect in the hearing process not the application process
19  and clearly is subject to the rule of *Greenholtz* and decades of following authority. To the extent that
20  the Supreme Court of Nevada considered petitioner's federal due process claim and rejected the claim
21  on the merits, that rejection was neither contrary to nor an unreasonable application of clearly
22  established federal law. To the extent that the state high court did not consider the, likely unexhausted,
23  federal constitutional claim, the claim, on *de novo* review, is wholly without merit.

24  IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus shall be DENIED
25  with prejudice on the merits. The Clerk of Court shall enter final judgment accordingly, dismissing this
26  action with prejudice on the merits.

27  IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason
28  would not find the denial of the petition to be either debatable or wrong. The Clerk of Court shall

include in the docket entry for this order a clear designation that a certificate of appealability also is denied by this order.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall serve a copy of this order and the final judgment upon respondents by sending same by certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. No response is required from the respondents in this matter, but the respondents should note that the present matter bears a relationship to No. 3:07-cv-00630-LRH-VPC, in which the respondents have appeared and which currently is on appeal.[3]

DATED this 16th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner has made multiple requests to the Clerk of Court to advise him of the dates when documents were filed, and he further requests a copy of the docket sheet. The record reflects that petitioner has been provided notices of electronic filing when documents were filed in the case. Petitioner is not proceeding *in forma pauperis*, as he paid the filing fee in this matter. If petitioner wants dated file-stamped copies of his documents returned to him, he must submit an additional "conform copy" of his filings to the Clerk with the original at the time of filing. If he wants a copy of the docket sheet, he must pay the Clerk the required charges for same. The Clerk provided the petitioner notice as to when documents were filed when it sent him notices of electronic filing. The Clerk generally will not provide additional notice as to the date that documents were filed over and above the notices of electronic filing.