# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN WITHEROW,

    Petitioner,

vs.

WILLIAM DONAT, *et al.*,

    Respondents.

3:08-cv-00321-LRH-VPC

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's motion (#14) for reconsideration. The date on the motion suggests that the motion was mailed for filing within the ten-day period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure. The motion seeks reconsideration of the Court's order (#12) and judgment (#13) dismissing the petitioner's parole-related claims for lack of a protected liberty interest.

The motion will be denied. Petitioner's alleged inability to comprehend the order does not provide a basis for reconsideration or clarification. Petitioner's fourteen-page argument, with extensive case citation, in any event demonstrates that the petitioner is fully conversant with the basis for the Court's dismissal of the petition. As petitioner repeatedly notes in the motion for reconsideration, the Court dismissed the petition because his "challenge is based not upon a failure to allow him to apply for parole but instead upon an alleged procedural defect in the hearing on his application – the alleged failure to follow the state open meeting law at the hearing, [such that] . . . [h]is petition is based upon

a defect in the hearing process not the application process." #12, at 3.  Under well-established law, inmates have no protected liberty interest in Nevada parole hearings.  *Id.*, at 2-3.  Petitioner seeks to avoid the application of these well-established authorities by describing his claim as being "based on a failure to provide him a fair public meeting hearing on his parole application by depriving him of an opportunity to be heard on the merit of his parole application." #14, at 13.  This semantical effort to recast a claim involving hearing procedures instead as a claim concerning the application process is no less frivolous on reconsideration than it was on original consideration.   The Court accordingly did not discuss, nor was it required to discuss, each one of the petitioner's citations because the cases upon which he relies are wholly inapposite.  The resolution of the present case instead is governed by the authorities cited in the Court's order.

IT THEREFORE IS ORDERED that the petitioner's motion (#14) for reconsideration is DENIED.  The Court reiterates that the petitioner does not present an issue warranting issuance of a certificate of appealability, as jurists of reason would not find the denial of the petition to be either debatable or wrong.

DATED this 12th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-2-